United States District Court
Southern District of Texas
**ENTERED**
November 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PRISCILLA GONZALEZ, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00282 |
| GREGORY HAMPTON HERRMAN, *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff has failed to respond to the Court's order to provide information demonstrating that her appeal would be taken in good faith. *See* Doc. No. 80; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). The undersigned therefore recommends that Plaintiff Priscilla Gonzalez's application to proceed *in forma pauperis* on appeal (Doc. No. 74) be DENIED.

### A. *Proceedings.*

Plaintiff filed this prisoner civil action *pro se* on November 30, 2022. (Doc. No. 1.) She was granted leave to proceed *in forma pauperis* in the district court. *See Gonzalez v. Herrman*, No. 2:22-mc-00156 (S.D. Tex. Nov. 30, 2022) (Libby, M.J.).

The district court granted summary judgment in favor of defendants and entered final judgment. (Doc. Nos. 71, 72.) Plaintiff filed a notice of appeal (Doc. No. 73), along with the instant motion to proceed *in forma pauperis* on appeal (Doc. No. 74). Defendants responded to the motion to proceed *in forma pauperis*, arguing that Plaintiff had not demonstrated that she was indigent and that she had not stated what issues she would raise on appeal. (Doc. No. 75.) Plaintiff replied to the defendants' opposition, arguing that she was indeed indigent and that her

appeal would be taken in good faith because it "raises significant legal issues concerning the interpretation and application of Title VII, which are clearly arguable. This appeal is far from frivolous; it seeks rigorous review of the lower court's decision, which directly impacts the Plaintiff's legal rights and remedies." (Doc. No. 75, p. 2.)

Plaintiff's motion to proceed *in forma pauperis* was referred to the undersigned for review and action. (Doc. No. 79.) On October 3, 2024, the undersigned ordered Plaintiff to complete and sign Form 4 of the Appendix to the Federal Rules of Appellate Procedure. (Doc. No. 80.) That form requires a party seeking to proceed *in forma pauperis* on appeal to provide, under oath, specific financial information and also to state the specific issues that the party seeks to raise on appeal. The Court provided Plaintiff with a copy of the form and ordered her to submit the completed form not later than October 28, 2024. *Id.* at 2.

Plaintiff has not responded to the Court's order.

### B. Law and discussion.

Requests to proceed *in forma pauperis* on appeal are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. *Lockett v. Helfman Motor Sales, Inc.*, No. 4:21-CV-4082, 2022 WL 18911603, at *1 (S.D. Tex. Oct. 25, 2022) (Sheldon, M.J.). A litigant seeking to proceed *in forma pauperis* on appeal must attach an affidavit that shows, in the detail prescribed by Rule 4 of the Appendix of Forms, the litigant's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the litigant intends to present on appeal. Fed. R. App. P. 24(a)(1).

The district court may authorize an appeal "without prepayment of fees or security therefor, by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must therefore examine the financial

condition of the applicant to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  One need not be absolutely destitute to qualify for *in forma pauperis* status, but that status is allowed only when a movant cannot pay filing costs and remain able to provide for himself and dependents.  *See Ryan v. Ramsey*, 936 F. Supp. 417, 425 (S.D. Tex. 1996) (citing *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

The party seeking to proceed *in forma pauperis* not only must make "the proper economic showing," but must also demonstrate that the appeal is taken in good faith—that is, that a nonfrivolous issue exists for appeal.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997).  "An appeal is taken in good faith if it raises legal points that are arguable on their merits and thus nonfrivolous." *Lockett*, 2022 WL 18911603, at *1 (quoting *McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015)).  By contrast, where the proposed issues for appeal lack arguable basis, the appeal is not taken in good faith.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

If a party was permitted to proceed *in forma pauperis* in the district court, the party may likewise proceed *in forma pauperis* on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.  Fed. R. App. P. 24(a)(3)(A).

In this case, Plaintiff has not responded to the Court's order directing her to complete Form 4.  Plaintiff has consequently not provided the sworn financial information required for a determination of her alleged indigency.  Plaintiff has made allegations of her indigency, but has

not done so under oath or with the detail required by Form 4 for an adequate assessment of her financial status. *See* Fed. R. App. P. 24(a)(1).

More importantly, Plaintiff also has not stated the issues she seeks to raise on appeal, and therefore has failed to identify a non-frivolous issue for appeal. Although she states that her appeal "raises significant legal issues concerning the interpretation and application of Title VII," *see* Doc. No. 75, p. 2, she does not state what those issues are or why they are not frivolous. Nor does Plaintiff's notice of appeal indicate what issues she seeks to raise. *See* Doc. No. 73. Additionally, the undersigned, after independent review of the record, does not discern a non-frivolous issue for appeal. Because no issues are identified for appeal, let alone any non-frivolous issues, the district court should deny Plaintiff's request to proceed on appeal without payment of the appropriate fee.

### C. Conclusion and recommendations.

Plaintiff has not carried her burden to demonstrate that any appellate issue would be non-frivolous, and thus that her appeal would be taken in good faith. The district court should take the following actions:

- DENY Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 72).
- CERTIFY that Plaintiff's appeal of the district court's final judgment is not taken in good faith because it presents no non-frivolous issue.
    - In making this certification, the district court may wish to consider adopting its own opinion granting summary judgment for the defendants in this case. *See Baugh*, 117 F.3d at 202 ("to comply with Rule 24 in this regard [certification], it often may suffice for the district court to incorporate by reference its decision … with or without supplementation, as the trial court deems appropriate").

*D. Notice.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED on November 6, 2024.

MITCHEL NEUROCK
United States Magistrate Judge